IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MELVIN CLARK, BRUCE BAUER, MICHAEL ELIASON, and TOM HOLTER, <br><br> Defendants. | CV-16-0126-GF-DLC-TJC <br><br><br><br> ORDER |

This matter is pending on Plaintiff Victor Fourstar's Complaint (Doc. 2); Motions to Recuse (Docs. 5, 8) and Motion to Amend and Motion to Stay pending Exhaustion of Tribal Court Remedies (Doc. 7).[1] Mr. Fourstar is a prisoner proceeding in forma pauperis and without counsel.

## I. BACKGROUND

After being found guilty of aggravated sexual abuse, Mr. Fourstar was sentenced by Judge Haddon on February 27, 2003 to 188 months custody,

---

[1]Mr. Fourstar also filed two objections to Findings and Recommendations (Docs. 8, 9), but no Findings and Recommendations have been issued in this case. No action will be taken on these objections.

1

followed by 60 months supervised release. He began his term of supervised release on December 9, 2016.

On December 16, 2017, Michael Eliason, United States Probation Officer prepared a request to modify the terms of supervision with consent of offender. Mr. Eliason indicated that the modified conditions were necessary to conform with Ninth Circuit case law. Mr. Fourstar refused to sign the form. He was directed to register as a sex offender, and was given until December 21, 2016 to complete registration. He refused to do so. (Mtn to Amend, Doc. 7; Criminal Action No. 4:02cr52-DLC Petition for Warrant, Doc. 163.) Mr. Fourstar was arrested on January 23, 2017. (Mtn to Amend, Doc. 7 at 3.) A final revocation hearing was held on February 22, 2017 before Judge Morris. During the hearing, Mr. Fourstar asked to recuse Judge Morris. (Criminal Action No. 4:02cr52-DLC, Minute Entry, Doc. 178.) This matter and the criminal case were both reassigned to Judge Christensen on February 23, 2017. (Doc. 10; Criminal Action No. 4:02cr52-DLC, Order Reassigning Case, Doc. 179.) Mr. Fourstar's revocation remains pending.

## II. INITIAL SCREENING

### A. Standard

Mr. Fourstar is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to

dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(e) ("Pleadings must be construed as to do justice.").

**B. Analysis**

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme

Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487; *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996) (applying *Heck* rule to *Bivens* action).

The United States Supreme Court in *Wallace v. Kato,* 549 U.S. 384 (2007), held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 1097-98 (quoting *Heck,* 512 U.S. at 486-87). The Court specifically rejected the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside," stating that such a proposition goes "well beyond *Heck."* *Id.* at 1098 (italics in original). Thus, if a plaintiff files a false arrest claim before he is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power, and accords with common practice, to stay the civil action until the

4

criminal case or the likelihood of a criminal case is ended. *Id.* If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.*

In the current action, Mr. Fourstar challenges whether he was properly arrested for failing to register as a sex offender because it was not a requirement of his underlying conviction and sentence. (Cmplt., Doc. 2.) The issue of whether Mr. Fourstar's supervised release should be revoked for failing to register as sex offender is currently pending before Judge Christensen in Criminal Action No. 02-cr-52-GF-DLC.

In light of the pending criminal matter, the Court will "in accord with common practice" stay this civil action until the criminal case has ended. *Wallace*, 549 U.S. at 394.[2]

Because the case has been reassigned, the motions to recuse will be denied as moot. The motion to amend will be denied without prejudice pending resolution of Mr. Fourstar's criminal proceedings.

---

[2]Because an order issuing a stay is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), and is not dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, it is within the province of a magistrate judge's authority. *Touton, S.A. v. M.V. Rizcun Trader*, 30 F.Supp.2d 508, 510 (E.D. Pa.1998) ("[T]he Court finds that neither the grant of the stay of proceedings . . . , nor the lift of said stay, constituted 'injunctive relief' in excess of the Magistrate Judge's authority under § 636(b)(1)(A).").

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Fourstar's Motions to Recuse (Docs. 5, 8) are DENIED AS MOOT.

2. Mr. Fourstar's Motion to Amend and Motion to Stay pending Exhaustion of Tribal Court Remedies (Doc. 7) is DENIED WITHOUT PREJUDICE and subject to renewal after resolution of criminal proceedings.

3. This case is stayed pending resolution of the revocation proceedings in Criminal Action No. 02-cr-52-GF-DLC.

4. Mr. Fourstar must file a report on the status of his revocation proceedings every six months until such time as the matter has been resolved. If Mr. Fourstar desires to continue with this case after disposition of the revocation proceedings, he must request the stay be lifted within thirty days of disposition of the revocation proceedings, unless an appeal of those proceedings is filed. If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

5. At all times during this action, Mr. Fourstar shall immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute

pursuant to Fed.R.Civ.P. 41(b).

DATED this 6th day of March, 2017.

_____
Timothy J. Cavan
United States Magistrate Judge